SUMNER S. PAXSON *v.* SCHUMAN CARRIAGE COM-
PANY, LIMITED, A CORPORATION, DEFEND-
ANT; BANK OF HONOLULU, LIMITED, A COR-
PORATION, BANK OF HAWAII, LIMITED, A
CORPORATION, JAMES L. COCKBURN, A. W. T.
BOTTOMLEY AND S. M. DAMON, CO-PARTNERS
DOING BUSINESS TOGETHER UNDER THE
FIRM NAME AND STYLE OF BISHOP & COM-
PANY, GARNISHEES.

No. 1105.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. W. S. EDINGS, JUDGE.

SUBMITTED JULY 1, 1918.     DECIDED JULY 5, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE HEEN
IN PLACE OF KEMP, J., ABSENT.

ABATEMENT AND REVIVAL—*set-off and counterclaim.*

Where the defendant is sued in assumpsit and in his answer
pleads by way of set-off and counterclaim a cause of action in
assumpsit against the plaintiff, and thereafter, as plaintiff, sues
the plaintiff in the prior action as defendant upon the identical
cause of action pleaded by way of set-off and counterclaim in the
former action, the defendant's plea in abatement in the last
action pleading the pendency of the former action and the set-
off and the counterclaim therein should be sustained and the
last action abated.

SET-OFF AND COUNTERCLAIM—*control of action.*

Under Sec. 2392 R. L. a set-off and counterclaim is not only
a defense by deduction, but is itself an action, and while the
plaintiff may control his own action, and discontinue the same, he
cannot control, nor discontinue, defendant's cause of action upon
the set-off and counterclaim.

OPINION OF THE COURT BY QUARLES, J.

The defendant corporation commenced in the circuit

court of the first circuit an action in assumpsit against the plaintiff, the appellee here, to recover upon an alleged indebtedness. To the complaint in that action the plaintiff here as defendant answered by general denial and by way of set-off plead an indebtedness from the plaintiff in the former suit (defendant here) to him in the sum of $3000. While said action was pending and undetermined the plaintiff here commenced this action in the circuit court of the first circuit against the defendant (plaintiff in the former action) to recover against the defendant here upon the identical cause of action pleaded by the plaintiff here as a set-off in the former pending action. To the complaint in this action the defendant corporation filed its plea in abatement setting up the pendency of the former action and the set-off therein pleaded upon the identical cause of action set forth in the complaint herein. The former action is still pending and undetermined. The plea in abatement coming on to be heard the circuit court made an order overruling and denying the plea in abatement to which the defendant corporation excepted and at its request the court below allowed an interlocutory exception to this court, which is now before us. The correctness of the order denying the plea in abatement is the only question before us for decision.

Section 2392 R. L. provides: "Judgment in an action in which a claim of set-off has been pleaded shall be rendered in favor of the party to whom a balance is found due for the amount of such balance, not exceeding the jurisdiction of the court or trial justice, with costs. If the amounts found due to the respective parties are equal, judgment shall be rendered in favor of each for such amounts and an entry shall be made that the judgments are satisfied by the set-off, with costs to either party, or without costs to either party, or without costs, as the court orders. If, on the set-off in an action upon a claim

assigned to the plaintiff before action is brought, a balance is found due to the defendant, or if a balance is found due from any person other than the plaintiff, judgment shall not be rendered against the plaintiff for the balance."

Under this statute when the plaintiff here, as defendant in the former action between the same parties, plead by way of set-off the cause of action herein sued upon it was equivalent to the commencement of a cause of action by him against the plaintiff in the former action (the defendant here). This was not the rule at the common law but is the rule under the statute above quoted. It is generally recognized that a set-off constitutes a cause of action but is a defense by way of deduction only in the absence of statutory provision allowing full relief upon the set-off. Under the statute above quoted the defendant may have a judgment over against the plaintiff for any balance adjudged to be due him when he pleads a set-off against the plaintiff's demand, hence under this statute his set-off is not only a defense by way of deduction in the former action, but is an existing action in which he may recover all of the relief that he could recover in a separate action commenced by him. The plaintiff may not harass and annoy the defendant with more than one action at the same time on the same cause of action as the later action would be regarded in law as vexatious, hence the plea in abatement was good and should have been sustained (*Insurance Co. v. Brune's Assignee,* 6 Otto 588, 592). The set-off was available to plaintiff here in the former pending action where he could have obtained all the relief that he could obtain here. He was in the position of plaintiff so far as his cause of action stated by way of set-off and the plaintiff in that action, while it might discontinue its action against the defendant there (plaintiff here), could not discontinue the action sued on by defendant there by way of set-off. "And it is

a good plea in abatement that in a prior suit plaintiff in the second suit, defendant in the first, has actually filed or pleaded a set-off or counterclaim for the same cause of action, unless such set-off or counterclaim is unavailable in the prior suit" (1 C. J. p. 74).

The interlocutory exception is sustained and the cause is remanded to the circuit court with instructions to set aside the order overruling the defendant's plea in abatement and to enter judgment sustaining the plea in abatement and dismissing this action.

*E. C. Peters* for plaintiff.

*G. A. Davis* and *C. S. Davis* for defendant.